# UNITED STATES BANKRUPTCY COURT

Southern District of Florida

| | |
|---|---|
| In re: | Chapter 11 |
| GLG INVESTMENTS, LLC, et al., | Case No.: 26-16159-LMI |
| | *Jointly Administered With:*<br>Case No.: 26-16160-LMI<br>Case No.: 26-16163-LMI<br>Case No.: 26-16165-LMI |
| Debtor(s). / | |

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Corporate Representative, Velocity Commercial Capital, LLC, located at 2945 TOWNSGATE ROAD SUITE 110. WESTLAKE VILLAGE, CA 91361.

*(Name of person to whom the subpoena is directed)*

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE: | DATE AND TIME: |
|---|---|
| Cole Schotz, P.C.<br>2121 SW 3rd Avenue, Suite 200<br>Miami, FL 33129 | July 17, 2026 at 10:00 a.m. |

The examination will be recorded by this method: stenography

[X] *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE: | DATE AND TIME: |
|---|---|
| Cole Schotz, P.C.<br>2121 SW 3rd Avenue, Suite 200<br>Miami, FL 33129 | July 15, 2026 at 10:00 a.m. |

*(Description of documents, electronically stored information, or objects, please refer to the attached* ***Schedule A****)*

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/28/2026**

CLERK OF COURT

_____________________________
*Signature of Clerk or Deputy Clerk*

OR

_____________________________
*Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing **Ramon Omar Heredia and Maria Soledad Heredia**, who issues or requests this subpoena, are: **Cole Schotz, P.C., Luis Salazar, Esq., 2121 SW 3rd Avenue, Suite 200, Miami, Florida 33129, lsalazar@coleschotz.com, (305) 374-4802**.

---

**Notice to the person who issues or requests this subpoena**

1. If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________
________________________________________________________________________________
___________________________________ on *(date)* ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________
________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ________________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

______________________________________________
*Server's signature*

______________________________________________
*Printed name and title*

______________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply.

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c).

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# SCHEDULE A

## I. DEFINITIONS

1. "**You**," "**Your**," and "**Velocity Commercial**" mean and refer to Velocity Commercial Capital, LLC, including all of its members, managers, officers, directors, employees, agents, representatives, attorneys, accountants, predecessors, successors, and any person acting on its behalf. This definition includes Velocity Commercial Capital Loan Trust 2025-3.

2. "**U.S. Bank**" means and refers to U.S. Bank Trust Company, N.A., as Trustee for Velocity Commercial Capital Loan Trust 2025-3, including all of its trustees, officers, directors, employees, agents, representatives, attorneys, accountants, predecessors, successors, affiliates, subsidiaries, and any person acting on its behalf.

3. "**GL16**" or "**Debtor**" means and refers to GL16, LLC and related entities, including GLG Investments, LLC, the debtor in the above-captioned Chapter 11 bankruptcy proceeding, including all of its officers, directors, employees, agents, representatives, attorneys, accountants, members, managers, predecessors, successors, and any person acting on its behalf.

4. "**Heredias**" or "**Creditors**" means and refers to Ramon Omar Heredia and Maria Soledad Heredia, who loaned funds to GL16, secured by the Properties defined below.

5. "**Loans**" means and refers to the approximately $2,200,000.00 in total principal loaned by the Heredias to GL16, evidenced by eight (8) promissory notes and/or mortgage agreements.

6. "**Properties**" refers to the following eight (8) real properties that are referenced throughout this Subpoena:

(i) 2775 W 62nd Place, Apt. 105, Hialeah, FL 33016;
(ii) 5575 W 26th Court, Apt 203, Hialeah, FL 33016;
(iii) 2220 W 74th Street, Unit 201-16, Hialeah, FL 33016;
(iv) 2345 W 69th Street, 2345-B, Hialeah, FL 33016;
(v) 78699 W 36th Avenue, Unit 9, Hialeah, FL 33018;
(vi) 17650 NW 73rd Avenue, Apt. 104-18, Hialeah, FL 33015;
(vii) 6865 NW 169th Street, 57C, Miami, FL 33015; and
(viii) 8732 NW 107th Terrace, Hialeah Gardens, FL 33018

7. "**Mortgage(s)"** means and refers to any mortgage, deed of trust, lien, pledge, security interest, assignment of rents, or other encumbrance recorded or created against any of the Properties.

8. "**Assignment**" means and refers to any assignment, transfer, conveyance, or other disposition of any Mortgage, note, deed, interest, or right relating to any of the Properties.

9. "**Communication(s)**" means and refers to any transmission of information in any form, whether written, oral, electronic, or otherwise, including but not limited to letters, emails, text messages, instant messages, memoranda, notes of telephone calls, voicemails, facsimiles, wire messages, and any records thereof.

10. "**Document(s)**" means and refers to any written, printed, typed, photographed, recorded, or otherwise reproduced or stored communication or representation, including but not limited to all originals and non-identical copies, drafts, and electronically stored information ("**ESI**") in any format.

11. "**Relating to**," "**concerning**," "**regarding**," or "**reflecting**" mean and refer to any document or communication that mentions, describes, evidences, refers to, constitutes, contains, supports, contradicts, or is in any way logically or factually connected to the subject matter identified.

12. "**Bankruptcy Case**" shall mean the instant bankruptcy case, styled *In Re: GLG Investments, LLC, et al.* (Case No.: 26-16159-LMI, jointly administered with 26-16160-LMI, 26-16163-LMI, 26-16165-LMI), pending in the United States Bankruptcy Court for the Southern District of Florida, Miami Division.

13. "**Person**" means any natural individual, corporation, partnership, limited liability company, joint venture, trust, estate, association, or other legal or commercial entity.

14. "**Director**" means any director, officer, manager, member, trustee, managing agent, or other person exercising control over or acting on behalf of the referenced entity.

## II. AREAS OF INQUIRY

1. The complete loan file(s) maintained by Velocity Commercial and/or U.S. Bank relating to any loan made to GL16 secured by any of the Properties, including all underwriting materials, credit memoranda, and approval documents.

2. All title searches, title commitments, title insurance policies, lien searches, and UCC searches conducted by or on behalf of Velocity Commercial and/or U.S. Bank in connection with any loan to GL16 secured by any of the Properties.

3. Any inquiry, investigation, or due diligence conducted by Velocity Commercial and/or U.S. Bank regarding the existence of prior loans, liens, mortgages, or security interests affecting any of the Properties prior to funding any loan to GL16.

4. Any knowledge, notice, or information that Velocity Commercial and/or U.S. Bank had, at any time prior to or at the time of funding, regarding (a) the Loans made by the Heredias to GL16, or (b) any agreement or understanding that GL16 would provide a mortgage to the Heredias as security for the Loans.

5. Any Communications between Velocity Commercial and/or U.S. Bank, on the one hand, and GL16, on the other hand, concerning (a) any existing debt, loan, or financial obligation owed by GL16, (b) any prior or existing liens or encumbrances on any of the Properties, or (c) the Heredias or any amounts owed to them.

6. Any representations, warranties, or certifications made by GL16 to Velocity Commercial and/or U.S. Bank concerning the existence or non-existence of prior liens, encumbrances, or security interests on any of the Properties.

7. Any Communications between Velocity Commercial and/or U.S. Bank and any third party (including but not limited to title companies, closing agents, or attorneys) concerning the existence of prior loans, liens, or encumbrances on any of the Properties.

8. Any knowledge, notice, or information that Velocity Commercial and/or U.S. Bank had regarding loans, investments, or financing provided to GL16 by “friends and family” investors or lenders, or any other informal or private lenders, including any Communications or documents referencing such loans or investors.

## III. INSTRUCTIONS FOR PRODUCTION

1. In responding to this Subpoena Duces Tecum, furnish all information which is available to You, including information in the possession of Your agents, representatives, employees, investigators, attorneys, or anyone acting on their behalf or on Your behalf, and not merely such information known to You of Your own knowledge. If you are unable to locate any requested document after exercising due diligence to secure the requested information, state so and answer to the extent possible.

2. This Subpoena Duces Tecum is continuing so as to require supplementary documents if additional information or documents hereafter are obtained or discovered which may augment or otherwise modify the information You provide. Supplementary documents are to be served within 10 days after receipt or discovery of such information or documents.

3. If any document is not produced under a claim of privilege, for each such document identify the nature of the privilege (including work product) that is being claimed, indicate the document request to which the document is responsive, and provide the following information, unless divulgence of such information would cause disclosure of the allegedly privileged information: (1) the type of document; (2) the general subject matter of the document; (3) the date of the document; and (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.

4. If any document called for has been destroyed, discarded, or otherwise disposed of, identify the document by stating its: (1) author or preparer; (2) addressee(s); (3) indicated or blind copies; (4) date; (5) subject matter; (6) number of pages; (7) attachments or appendices; (8) all persons to whom distributed or shown; (9) date of destruction or other disposition; (10) manner of destruction or other disposition; (11) reason for destruction or other disposition; (12) person destroying or disposing of the document; and (13) the document request or requests to which the document is responsive. The production of documents and tangible things requested hereby shall be made at the offices of Cole Schotz, P.C., 2121 S.W. 3rd Avenue, Suite 200, Miami, Florida 33129, Attn.: Luis Salazar, Esq. (lsalazar@coleschotz.com) and Ali-Marcelle Lee-Sin (Alee-Sin@coleschotz.com).

5. Electronically stored information ("**ESI**") must be produced in its original native format, including its accompanying metadata. For example: (a) documents created using Microsoft Word must be produced as .DOC or .DOCX files; (b) documents created using Microsoft Excel must be produced as .XLS or .XLSX files; and (c) emails must be produced in a form that readily supports import into standard email client programs, or the form of production should adhere to the conventions set out in the internet email standard; and ESI should be produced on appropriate electronic media of Your choosing that does not impose an undue burden or expense upon You. You should decrypt or provide passwords to any responsive ESI included in Your production.

6. Unless otherwise stated, the applicable period for the Subpoena Duces Tecum is January 1, 2024, through the date of Your response.

## IV. DOCUMENTS REQUESTED

1. All Documents constituting or reflecting the complete loan file(s), including all underwriting materials, credit memoranda, approval documents, and closing packages, relating to any loan made by Velocity Commercial and/or U.S. Bank to GL16 secured by any of the Properties.

2. All Documents constituting or reflecting any title searches, title abstracts, title commitments, title insurance policies, and title insurance endorsements obtained by or on behalf of Velocity Commercial and/or U.S. Bank in connection with any loan to GL16 secured by any of the Properties.

3. All Documents constituting or reflecting trust instruments, declarations of trust, pooling and servicing agreements, or similar documents, governing Your role as trustee for Velocity Commercial.

4. All Documents constituting or reflecting any lien searches, judgment searches, UCC searches, and any other public record searches conducted by or on behalf of Velocity Commercial and/or U.S. Bank in connection with any loan to GL16 secured by any of the Properties.

5. All Documents constituting or reflecting any loan applications, borrower questionnaires, financial statements, and related documents submitted by GL16 to Velocity Commercial and/or U.S. Bank in connection with any loan secured by any of the Properties.

6. All Documents constituting or reflecting any representations, warranties, or certifications made by GL16 to Velocity Commercial and/or U.S. Bank regarding the existence or non-existence of prior liens, debts, or encumbrances on any of the Properties.

7. All Communications between Velocity Commercial and/or U.S. Bank, on the one hand, and GL16, on the other hand, concerning: (a) any existing debt, loan, or financial obligation owed by GL16; (b) any prior or existing liens or encumbrances on any of the Properties; or (c) the Heredias or any amounts owed to them.

8. All Communications between Velocity Commercial and/or U.S. Bank and any title company, closing agent, escrow agent, or attorney concerning: (a) title to any of the Properties; (b) liens or encumbrances on any of the Properties; or (c) the closing of any loan to GL16 secured by any of the Properties.

9. All Documents reflecting any due diligence conducted by Velocity Commercial and/or U.S. Bank regarding GL16, any of the Properties, or any loan secured by any of the Properties.

10. All internal memoranda, emails, notes, or other Communications within Velocity Commercial and/or U.S. Bank concerning: (a) any loan to GL16 secured by any of the Properties; (b) any liens or encumbrances on any of the Properties; or (c) the Heredias.

11. All Documents reflecting the closing of any loan made by Velocity Commercial and/or U.S. Bank to GL16 secured by any of the Properties, including closing statements, settlement statements, HUD-1 forms, and disbursement records.

12. All Documents reflecting any Mortgage, deed of trust, or security instrument recorded by Velocity Commercial and/or U.S. Bank against any of the Properties, and all assignments thereof.

13. All Documents constituting or reflecting any notice of default, acceleration, demand, enforcement action, or foreclosure-related activity relating to any Mortgage or loan secured by any of the Properties.

14. All Communications between Velocity Commercial and/or U.S. Bank and the Heredias.

15. All Documents and Communications constituting or reflecting any “friends and family” loans, “friends and family” investors, private loans, private lenders, informal financing, or similar terms used to describe loans or investments made to GL16 by individuals or entities other than institutional lenders.