UNITED STATES BANKRUPTCY COURT
Southern District of Florida

IN RE: Case No.: 26-16159-PDR

GLG INVESTMENTS, LLC, et. al., *Jointly Administered*
Debtor. Chapter 11
______________________________/

# SUBPOENA FOR RULE 2004 EXAMINATION

To: Corporate Representative, Velocity Commercial Capital, LLC, located at
2945 Townsgate Rd., Suite 110, Westlake Village, CA 91361

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE | DATE AND TIME |
|---|---|
| **Sardi Law, PLLC**<br>**Attn: Carlos E. Sardi, Esq.**<br>**11410 N. Kendall Dr., Suite 208,**<br>**Miami, FL 33176** | **September 4, 2026**<br>**9:00 AM (EST)** |

The examination will be recorded by this method: ______________________________

☒ *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination): **SEE ATTACHED EXHIBIT A**

| PLACE | DATE AND TIME |
|---|---|
| **Sardi Law, PLLC**<br>**Attn: Carlos E. Sardi, Esq.**<br>**11410 N. Kendall Dr., Suite 208,**<br>**Miami, FL 33176** | **August 21, 2026**<br>**5:00 PM (EST)** |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 7, 2026.

CLERK OF COURT

OR

______________________________ /s/Carlos E. Sardi, Esq. (FBN 781401) .
*Signature of Clerk or Deputy Clerk* *Signature of Counsel*

Party Issuing Subpoena: Carlos E. Sardi, Esq., Sardi Law, PLLC, 11410 N. Kendall Dr., Ste 208, Miami, Florida 33176 (Tel: 305-697-8690), *Proposed Counsel for Official Committee of Unsecured Creditors*

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________
on *(date)* __________ .

[x] I served the subpoena by delivering a copy to the named person as follows:

Jeff T. Taylor, Executive Vice President, Capital Markets
Velocity Commercial Capital, LLC
2945 Townsgate Rd., Suite 110
Westlake Village, CA 91361
**Via Certified Mail (Tracking No. 9589 0710 5270 4203 7181 19)**
**and U.S. First Class Mai***

on *(date)* August 7, 2026

or

[ ] I returned the subpoena unexecuted because: ____________________________________________________
__________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: August 7, 2026.

__/s/Carlos E. Sardi_____________________________
*Server's signature*

__Carlos E. Sardi, Attorney_______________________
*Printed name and title*

__11410 N. Kendall Dr., Ste 208, Miami, FL 33176___
*Server's address*

Additional information concerning attempted service, etc.:

*** Fed. R. Civ. P. 45 subpoenas may be served via U.S. Mail. *See Codrington v. Anheuser–Busch, Inc.*, 1999 WL 1043861 (M.D. Fla. 1999); *In re Falcon Air Express, Inc.*, 2008 WL 2038799 (Bankr. S.D. Fla. 2008)**

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13) (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## I. Instructions

Subject to the Definitions set forth in Part II below, the following instructions shall apply to this Request for Production:

A. This document request is continuing in nature. When new knowledge or information comes to your attention, you shall supplement the information supplied in the answers to the document request forthwith.

B. For each and every Request herein, you shall produce documents in your possession, custody, or control which shall include, but not be limited to, documents, objects or articles described that are in your possession or for which you have the right to secure the original or a copy from another person (as defined below). The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof. If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

C. If at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, any such documents shall be identified as completely as possible by providing the following information:

1. The name(s) of the author(s) of the document;
2. The name(s) of the person(s) to whom the documents or copies were sent;
3. The date of the document;
4. The date on which the document was received by each addressee, copyee, or its recipients;
5. A complete description of the nature and subject matter of the document;
6. The date on which the document was lost, discarded, or destroyed; and
7. The manner in which the document was lost, discarded, or destroyed.

D. With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

1. The name(s) of the sender(s) or the document;
2. The name(s) of the author(s) of the document;
3. The name(s) of the person(s) to whom the document or copies were sent;
4. The job title of every person named in subparagraphs 1, 2 and 3 above;
5. The date of the document;
6. The date on which the document was received by each addressee, copyee, or its recipient;
7. A brief description of the nature and subject matter of the document; and
8. The statute, rule, or decision which is claimed to give rise to the privilege.

E. If, after exercising due diligence to secure or produce the document(s) requested, you cannot secure responsive documents, you must identify which Request(s) for which you do not have a responsive document, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), and providing the identity of the person (as defined below) who has possession, custody, or control of the requested document(s).

F. All words, names, and terms in this request for production shall have their plain and ordinary meanings unless specifically defined in Part II herein.

G. Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H. The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

I. "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

J. "Any" and "all" shall be construed to bring within the scope of this request any information which might be construed to relate to the subject matter of the request.

K. The use of the singular form of any word includes the plural and vice versa.

L. All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

M. Unless otherwise stated herein, the time period encompassed by this Request shall be from <u>January 1, 2024</u> to the present.

## II. Definitions

Unless otherwise specified, and subject to the Instructions set forth in Part I above, the below words and terms shall have the following meaning when used herein:

A. "You" or "Yours" shall mean and refer to entity upon whom this subpoena for documents is made and directed to, including all of its members, managers, officers, directors, employees, agents, representatives, attorneys, accountants, predecessors, successors, and any person acting on its behalf. This definition includes individually or collectively Velocity Commercial Capital, LLC, Velocity Commercial Capital Loan Trust 2025-3. Loan Trust 2025-3; and/or U.S. Bank Trust Company, N.A., as Trustee for Velocity Commercial Capital Loan Trust 2025-3, including all of its trustees, officers, directors, employees, agents, representatives, attorneys, accountants, predecessors, successors, affiliates, subsidiaries, and any person acting on its behalf.

B. "Bankruptcy Case" shall mean the instant bankruptcy case, styled In Re: GLG Investments, LLC, et al. (Case No.: 26-16159-PDR, jointly administered with 26-16160-PDR, 26-16163-PDR, 26-16165-PDR), pending in the United States Bankruptcy Court for the Southern District of Florida, Miami Division.

C. "Debtors" shall individually or collectively mean GLG Investments, LLC; GL3, LLC; GL7, LLC; and GL16, LLC and all those acting for or on behalf of each of them, including each party's affiliates, parents, subsidiaries, assigns, authorized officers and directors, employees, agents, and others purporting to act on behalf of any or all of them.

D. "Properties" shall refer to all of the Debtors' real properties in which You claim to have a security interest, including but not limited those listed by you in this Bankruptcy Case in Exhibit No. 2 of your "*Objection to Debtors Amended Emergency Motion for Authority to Use Case Collateral*" [Dkt. No. 74].

E. "Loans" shall mean any loans (secured or unsecured) You made to the any or all of the Debtors, including any applications, loan agreements, promissory notes, security agreements, UCC financing statements, UCC continuation statements, guarantee agreements, collateral agreements, pledge agreements, letters of credit, collateral documentation, amortization schedules, payment schedules, loan histories, loan statements, closing certificates, syndication letter agreements, drafts, acceptances, requests for acceptances, acceptance notes, and other similar documents evidencing such loans.. The Loans definition also includes (i) any recorded or unrecorded mortgage, deed of trust, security instillment, lien, pledge, security interest, assignment of rents, or other encumbrance recorded or created against any of the Debtors' Properties; (ii) any recorded or unrecorded assignment, transfer, conveyance, or other disposition of any mortgage, note, deed, interest, security instillment or right relating to any of the Debtors' Properties under any loan; and (iii) all of the loans supported by each of the claims filed by Velocity Commercial Capital, LLC, Velocity Commercial Capital Loan Trust 2025-3. Loan Trust 2025-3; and/or U.S. Bank Trust Company, N.A., as Trustee for Velocity Commercial Capital Loan Trust 2025-3 in each of the Debtors' Bankruptcy Case.

F. "Documents" shall mean the original or copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostats, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "documents" shall include documents evidencing correspondence, letters, telegrams, telexes, mailgrams, memoranda, including inter-office and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations, including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations, notes or memorandum attached to or to be read with any document, booklets, books, drawings, graphs, charts, photographs, phone records, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained, along with all ESI (defined below) and other electronic data storage documents including but not limited to e-mails and any related attachments, electronic files or other data compilations which relate to the categories of documents as requested below. Your search for these electronically stored documents shall include all of your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, SMS or MMS text messages, cellular phone based text communications, Blackberry/Research in Motion "PIN" messages, any text based messages transmitted through a proprietary or public "chat" service (e.g., Google Talk, ICQ Chat, AOL Instant Messenger, MSN Messenger, etc.), proprietary software and inactive or unused computer disc storage areas. All electronically stored information produced shall be produced in its native format, and all requests expressly include requests for all metadata associated with the files to be produced. Copies of documents, which are not identical duplications of the originals or which contain additions to or deletions from the originals or copies of the originals if the originals are not available, shall be considered to be separate documents.

G. "ESI" shall mean any electronically stored information, including writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations; stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in Rules of Court and Rules of Evidence.

H. "Communications" shall mean any oral or written statement, dialogue, colloquy, discussion or conversation and, also, means any transfer of thoughts or ideas between persons (as defined below) by means of documents and includes any transfer of data from one location to another by electronic or similar means, and shall include any private or public message or statement transmitted through any social network or media (e.g., WhatsApp, Facebook, MySpace, Twitter, etc.).

I. The terms "support," "evidence," "evidencing," "relate to," "relating to," "related to," "referred to," "concerning," "pertaining to," "involving" and "regarding" shall mean anything which directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any

manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

J. "Person" shall mean any natural person, individual, entity, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether *sui juris* or otherwise, and includes both the singular and plural.

K. The conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any Request.

L. The term "virtual currency" shall mean any medium of exchange that operates like a currency to some but does not have all of the attributes of legal tender, whether or not that medium of exchange is recognized as legal tender, such as bitcoin or any other similar cryptocurrency.

M. Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of the Request.

## III. <u>AREAS OF INQUIRY</u>

1. The complete loan file(s) maintained by Velocity Commercial and/or U.S. Bank relating to all Loans made to Debtors secured by any of the Properties, including all underwriting materials, application, credit memoranda, and approval documents.

2. All title searches, title commitments, title insurance policies, lien searches, and UCC searches conducted by or on behalf of Velocity Commercial and/or U.S. Bank in connection with all Loans to Debtors secured by any of the Properties.

3. Any inquiry, investigation, or due diligence conducted by Velocity Commercial and/or U.S. Bank regarding the Debtors' ownership structure at the time you made and closed each of the Loans, including, but not limited to the existence of an ownership dispute within the Debtors, the corporate authority each of the Debtors had to take out the Loans with You, and/or the existence of any corporate resolutions authorizing either Mr. Andrew Rosenberg or Ms. Monique Wright to execute each of the Loans with you on behalf of any of the Debtors.

4. Any inquiry, investigation, or due diligence conducted by Velocity Commercial and/or U.S. Bank regarding the existence of prior loans, liens, mortgages, or security interests affecting any of the Properties prior to funding each of the Loans to Debtors.

5. Any knowledge, notice, or information that Velocity Commercial and/or U.S. Bank had, at any time prior to or at the time of funding, regarding the ownership structure, the existence of an ownership dispute within the Debtors, the corporate authority each of the Debtors had to take out the Loans with You, the existence of any corporate resolutions authorizing either Mr. Andrew Rosenberg or Ms. Monique Wright to execute each of the Loans with you on behalf of any of the Debtors.

6. Any knowledge, notice, or information that Velocity Commercial and/or U.S. Bank had, at any time prior to or at the time of funding, regarding any loans (secured or unsecured) made by any other creditor to the Debtors or of any agreements or understandings the Debtors had to provide mortgage(s) to anyone as security for such loans.

7. Any Communications between Velocity Commercial and/or U.S. Bank, on the one hand, and any of the Debtors or any other third party, on the other hand, concerning:
    a. The Loans to the Debtors;
    b. The Debtors' Properties;
    c. The Debtors' ownership structure;
    d. The existence of any ownership dispute within the Debtors;
    e. Corporate authority for any of the Debtors to take out the Loans with You;
    f. Corporate resolutions authorizing either Mr. Andrew Rosenberg or Ms. Monique Wright to execute each of the Loans with you on behalf of any of the Debtors;
    g. Title to any of the Debtors' Properties.
    h. Liens or encumbrances on any of the Debtors' Properties;
    i. The Debtors' financial condition prior to or after Your funding of the Loans;
    j. The existence of any debt, loan, or financial obligation owed by the Debtors, including any prior or existing liens or encumbrances on any of the Debtors' Properties; and/or
    k. The amounts owed to any of the Debtors' creditors; and
    l. The closing of any of the Loans to the Debtors secured by any of the Debtors' Properties

## IV. DOCUMENTS REQUESTED[1]

1. The complete file maintained by You relating to any Loans You made to the Debtors whether secured or unsecured by any of the Debtors' Properties, including all underwriting materials, credit memoranda, approval documents, and closing

[1] To the extent any or all documents or records responsive to this Request are in electronic format, please contact the undersigned to arrange for their production.

packages.

2. All title searches, title abstracts, title commitments, title insurance policies, title insurance endorsements obtained by You or on Your behalf in connection with any Loans secured by any of the Debtors' Properties.

3. All lien searches, judgment searches, UCC searches, and any other public record searches conducted by You or on Your behalf in connection with any Loans secured by any of the Debtors' Properties.

4. All appraisals made by You or on Your behalf for any of the Debtor's Properties in connection with the Loans.

5. All applications, borrower questionnaires, financial statements, and related documents submitted by the Debtors to You in connection with any and all of the Loans secured by any of the Debtors' Properties.

6. All documents constituting or reflecting any representations, warranties, documentation, or certifications made by any of the Debtors to You regarding the existence or non-existence of prior liens, debts, or encumbrances on any of the Properties.

7. All documents constituting or reflecting any representations, warranties, documentation, or certifications made by any of the Debtors to You in connection with the Loans regarding the Debtors' ownership structure at the time you made and closed each of the Loans, including, but not limited to the existence of an ownership dispute within the Debtors, the corporate authority each of the Debtors had to take out the Loans with You, and/or the existence of any corporate resolutions authorizing either Mr. Andrew Rosenberg or Ms. Monique Wright to execute each of the Loans with you on behalf of any of the Debtors.

8. Any documents regarding any inquiry, investigation, or due diligence conducted by You or on Your behalf in connection with any of the Debtors, the Loans, the Debtor's Properties, including, but not limited to, any prior loans, liens, mortgages, or security interests affecting any of the Debtors' Properties prior to Your funding and closing any of the Loans to the Debtors.

9. Any knowledge, notice, or information You had at any time prior to or at the time of funding the Loans regarding the ownership structure, the existence of an ownership dispute within the Debtors, the corporate authority each of the Debtors had to take out the Loans with You, the existence of any corporate resolutions authorizing either Mr. Andrew Rosenberg or Ms. Monique Wright to execute each of the Loans with you on behalf of any of the Debtors,

10. Any knowledge, notice, or information You had at any time prior to or at the time of funding the Loans regarding any loans (secured or unsecured) made by any other creditor to the Debtors or of any agreements or understandings the Debtors had to provide mortgage(s) to anyone as security for such loans.

11. All Documents reflecting the closing of any Loans You made secured or unsecured by any of the Debtors' Properties, including closing statements, settlement statements, HUD-1 forms, and disbursement records.

12. Any mortgage, deed of trust, or security instillment recorded by You against any of the Debtors' Properties, and all assignments thereof in connection with any of the Loans you made to any of the Debtors

13. Any notice of default, acceleration, demand, enforcement action, or foreclosure-related any Loans secured by any of the Debtors' Properties.

14. All internal memoranda, emails, notes, or other Communications concerning:

    a. The Loans to the Debtors;
    b. The Debtors' Properties;
    c. The Debtors' ownership structure;
    d. The existence of any ownership dispute within the Debtors;
    e. Corporate authority for any of the Debtors to take out the Loans with You;
    f. Corporate resolutions authorizing either Mr. Andrew Rosenberg or Ms. Monique Wright to execute each of the Loans with you on behalf of any of the Debtors;
    g. Title to any of the Debtors' Properties;
    h. Liens or encumbrances on any of the Debtors' Properties;
    i. The Debtors' financial condition prior to or after Your funding of the Loans;
    j. The existence of any debt, loan, or financial obligation owed by the Debtors, including any prior or existing liens or encumbrances on any of the Debtors' Properties; and/or
    k. The amounts owed to any of the Debtors' creditors; and
    l. The closing of any of the Loans to the Debtors secured by any of the Debtors' Properties.

15. All Communications between You, on the one hand, and any of the Debtors, on the other hand, concerning

    a. The Loans to the Debtors;
    b. The Debtors' Properties;
    c. The Debtors' ownership structure;
    d. The existence of any ownership dispute within the Debtors;
    e. Corporate authority for any of the Debtors to take out the Loans with You;
    f. Corporate resolutions authorizing either Mr. Andrew Rosenberg or Ms. Monique Wright to execute each of the Loans with you on behalf of any of the Debtors;
    g. Title to any of the Debtors' Properties.
    h. Liens or encumbrances on any of the Debtors' Properties;
    i. The Debtors' financial condition prior to or after Your funding of the Loans;
    j. The existence of any debt, loan, or financial obligation owed by the Debtors, including any prior or existing liens or encumbrances on any of the Debtors'

Properties; and/or

k. The amounts owed to any of the Debtors' creditors; and

l. The closing of any of the Loans to the Debtors secured by any of the Debtors' Properties.

16. All Communications between You, on the one hand, and any other party (including but not limited to title companies, closing agents, or attorneys), on the other hand, concerning

a. The Loans to the Debtors;

b. The Debtors' Properties;

c. The Debtors' ownership structure;

d. The existence of any ownership dispute within the Debtors;

e. Corporate authority for any of the Debtors to take out the Loans with You;

f. Corporate resolutions authorizing either Mr. Andrew Rosenberg or Ms. Monique Wright to execute each of the Loans with you on behalf of any of the Debtors;

g. Title to any of the Debtors' Properties.

h. Liens or encumbrances on any of the Debtors' Properties;

i. The Debtors' financial condition prior to or after Your funding of the Loans;

j. The existence of any debt, loan, or financial obligation owed by the Debtors, including any prior or existing liens or encumbrances on any of the Debtors' Properties; and/or

k. The amounts owed to any of the Debtors' creditors; and

l. The closing of any of the Loans to the Debtors secured by any of the Debtors' Properties.

17. Any representations, warranties, or certifications made by the Debtors to You concerning the Debtors' ownership structure, the existence of any ownership dispute, corporate ownership, corporate authority, corporate resolutions, and/or membership purchase agreement.

18. Any representations, warranties, or certifications made by the Debtors to You concerning the existence or non-existence of prior liens, encumbrances, or security interests on any of the Debtors' Properties.

9589 0710 5270 4203 7182 19

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Westlake Village, CA 91361

OFFICIAL USE

| | | |
|---|---|---|
| Certified Mail Fee | $7.55 | 0139 |
| | | 20 |
| Extra Services & Fees (*check box, add fee as appropriate*) | | |
| ☐ Return Receipt (hardcopy) | $ $0.00 | |
| ☐ Return Receipt (electronic) | $ $0.00 | Postmark Here |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | |
| ☐ Adult Signature Required | $ $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $1.40 | |
| Total Postage and Fees | $6.95 | 08/07/2026 |

SNAPPER CREEK POST OFFICE AUG - 7 2026 MIAMI, FL 33116

Sent To Jeff T. Taylor, EVP, Velocity Comm
Street and Apt. No., or PO Box No. 2945 Townsgate Rd. #110
City, State, ZIP+4® Westlake Village, CA 91361

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions